UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DAVID BRYAN TURNER JR.,
Plaintiff,
v.
STATE OF CALIFORNIA, et al.,
Defendants.

Case No.: 3:26-cv-2080-JAH-DEB

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**

**[ECF No. 2]**

On March 30, 2026, Plaintiff David Bryan Turner Jr. ("Plaintiff"), proceeding *pro se*, filed a complaint seeking injunctive relief, compensatory damages, and punitive damages against the State of California and three other named defendants (collectively, "Defendants") alleging civil rights violations while he was in and out of custody. *See* ECF No. 1 ("Complaint"). Plaintiff's Complaint alleges three causes of action under 42 U.S.C. § 1983: (1) malicious prosecution; (2) false arrest; and (3) denial of medical care. *Id.* Plaintiff filed an Application to Proceed *In Forma Pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2 ("Application"). After careful review of the Complaint, and for the reasons set forth below, Plaintiff's application to proceed IFP is **GRANTED**, and the causes of action are **DISMISSED**.

//

//

## DISCUSSION

### I. Plaintiff's IFP Application

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). However, pursuant to 28 U.S.C. § 1915(a)(1), if the plaintiff is granted leave to proceed IFP, he may proceed despite failure to pay the entire fee. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). For a court to grant leave to proceed IFP, the plaintiff is required to submit an affidavit, including a statement of all his assets, showing his inability to pay the statutory fee. 28 U.S.C. § 1915(a). The plaintiff need not be indigent to proceed IFP; rather the affidavit need only state the plaintiff cannot, "because of his poverty[,] pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted). "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether affiant has satisfied the statute's requirement of indigency." *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (internal citations omitted).

Here, Plaintiff's Application reflects that Plaintiff has been unemployed since 2025. Compl. at 2. Plaintiff's Application also reflects that Plaintiff is only receiving income from "G.R" and "[f]ood stamps," meaning Plaintiff receives government public assistance. *Id.* Plaintiff represents he does not have banking accounts or a vehicle. *Id.* Based on Plaintiff's affidavit, the Court finds that Plaintiff cannot pay the filing fee to commence his suit. Accordingly, the Court **GRANTS** Plaintiff's Application to proceed IFP.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

A plaintiff granted leave to proceed IFP subjects their complaint to *sua sponte* review and mandatory dismissal if the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915(e) not only permits but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim") (citation omitted). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (internal citation omitted). Moreover, when the plaintiff is proceeding *pro se*, these pleading standards are even less stringent because "[a] document filed *pro se* is 'to be liberally construed[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).

Rule 12(b)(6) challenges the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed as a matter of law because of a "lack of a cognizable legal theory or [ ] insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Although Rule 12(b)(6) does not require detailed essential facts, a complaint must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

If the Court finds a complaint fails to state a claim, the court "should grant leave to amend, . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks and citation omitted).

### B. Insufficiency of Complaint

To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of a right

secured by the Constitution and federal laws, and (2) "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citations omitted).

Plaintiff generally alleges claims for civil rights violations under three separate causes of action.[2] Based on the facts and injuries alleged therein, the Court will construe Plaintiff's claims as causes of actions for 1) malicious prosecution, 2) false arrest, and 3) denial of medical care.

**1. Malicious Prosecution**

To state a § 1983 claim for malicious prosecution, a plaintiff must show that "the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Furthermore, "a plaintiff needs [to also] show that [his] criminal prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 49 (2022).

Here, Plaintiff alleges that Defendants "allowed" him to be accused of a crime he did not commit, thus resulting in a two-year prison sentence. Compl. at 3. Plaintiff explicitly states that his two-year prison term was "completed." *Id*. Because Plaintiff's criminal prosecution ended with a conviction, Plaintiff cannot pursue a claim for malicious prosecution. *See Thompson*, 596 U.S. at 49.

**2. False Arrest**

Plaintiff also alleges that a City of San Diego employee assaulted Plaintiff with a broomstick and thereafter made a false report to San Diego Police Department ("SDPD"). Compl. at 4. Plaintiff alleges that SDPD officers arrested Plaintiff based on the false claim,

---

[2] Specifically, Plaintiff alleges claims for violations of 1) "freedom from cruel and unusual punishment, due process right to medical care;" 2) "due process equal protection under the law;" and 3) "right to medical care/ freedom from cruel punishment (right to water and restroom/ life)." Compl. at 3-5.

which caused Plaintiff to serve 60 days in jail. *Id.*

To prevail on a false arrest claim under the Fourth Amendment, a plaintiff must "demonstrate there was no probable cause to arrest him." *Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010) (quoting *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam)). A probable cause inquiry "merely asks whether, under the totality of the circumstances, a prudent officer would have believed there was a fair probability that [a person] committed a crime." *United States v. Collins*, 427 F.3d 688, 691 (9th Cir. 2005).

Here, Plaintiff concedes that someone reported him to police, and that officers arrested him after discovering "peace's [sic] of scrap" in his pocket. *Id.* Although Plaintiff conclusively states that SDPD made a "false arrest," his concession demonstrates that there was probable cause to arrest him. Accordingly, Plaintiff cannot pursue a claim for false arrest.

**3. Denial of Medical Care**

Finally, Plaintiff alleges that he was arrested and booked at San Diego Central Jail where he was taken to a medical interview room and shackled to a wall while suffering from heart failure. Compl. at 5. Plaintiff alleges he was denied water, restroom access, and his prescribed medication "NORCAN" for hours before 911 was called. *Id.*[3]

Pre-trial detainees alleging a deprivation of adequate medical care under the Fourteenth Amendment must prove that the defendant acted with objective deliberate indifference. *See id.* at 1124-25. To establish this claim, the plaintiff must show: (1) the defendant made an intentional decision regarding the plaintiff's conditions of confinement; (2) those conditions placed the plaintiff at substantial risk of serious harm; (3) the defendant failed to take reasonable measures to lessen the risk, even though a reasonable official would have appreciated the high degree of risk; and (4) the defendant's inaction caused the

[3] The Court will assume that Plaintiff refers to NARCAN (naloxone), an emergency medication to rapidly reverse opioid overdose.

plaintiff's injuries. *Id.* at 1125. The Ninth Circuit has explicitly adopted this objective standard for pretrial detainees' medical care claims, distinguishing it from the Eighth Amendment's subjective deliberate indifference standard applicable to convicted prisoners. *See Sandoval v. City of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021).

Because Plaintiff was a pre-trial detainee at the time of the incident, his claims of denial of medical care are analyzed under the Fourteenth Amendment under the objective standard. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Here, Plaintiff's allegation that he was "cuffed" and "shackled" to a wall describes inherently intentional conduct is sufficient to show that Defendants made an intentional decision regarding his conditions of confinement. *See* Compl. at 5. However, Plaintiff does not provide sufficient detailed facts to demonstrate how being "cuffed" and "shackled" placed him at substantial risk of serious harm. Thus, Plaintiff fails to allege sufficient facts under the second element. Nor does Plaintiff allege facts showing how Defendants failed to take reasonable measures to lessen the risk of harm to Plaintiff. Although Plaintiff alleges that a jail official did not provide him NARCAN, Plaintiff does not explain why NARCAN needed to be administered to Plaintiff or why a reasonable jail official would have recognized a significant risk of failing to provide Plaintiff with NARCAN. *Id.* Plaintiff alleges he was "suffering from heart failure," but does not allege sufficient facts showing that the jail official was aware of Plaintiff's alleged condition. *See id.* Thus, without more, Plaintiff also fails to allege sufficient facts under the third element. Finally, Plaintiff also fails to allege sufficient facts showing that Defendants' inaction caused Plaintiff's injuries because Plaintiff does not allege any specific injuries caused by the alleged delay in medical care. *See id.* Accordingly, Plaintiff has not sufficiently pleaded a Fourteenth Amendment claim for denial of medical care.

In finding that Plaintiff fails to state claims for malicious prosecution, false arrest, and denial of medical care, the Court finds that Plaintiff fails to state any claim for relief under § 1983.

//

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(e), is **GRANTED**.
2. Plaintiff's Malicious Prosecution and False Arrest claims are **DISMISSED** with prejudice.
3. Plaintiff's Denial of Medical Care claim is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
4. The Court **GRANTS** Plaintiff forty-five (45) days from the date of this order to file an Amended Complaint which cures the deficiencies of the complaint described herein. Plaintiff is cautioned, however, that should the Plaintiff choose to file an amended complaint, it must be complete, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. Cal. Civ LR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original"). Plaintiff's failure to file an Amended Complaint will result in dismissal of this action without further order of the Court.

Dated: August 7, 2026

Hon. John A. Houston
United States District Judge